1  TRACY L. WILKISON
   Acting United States Attorney
2  JERRY C. YANG
   Assistant United States Attorney
3  Chief, Riverside Branch Office
   ROBERT S. TRISOTTO (Cal. Bar No. 314178)
4  Assistant United States Attorney
   Riverside Branch Office
5       3403 Tenth Street, Suite 200
        Riverside, California 92501
6       Telephone: (951) 276-6211
        Facsimile: (951) 276-6202
7       E-mail:   Robert.Trisotto@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
9
                    UNITED STATES DISTRICT COURT
10
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
   UNITED STATES OF AMERICA,          ED CR No. 21-00136-JWH
12
                 Plaintiff,           PLEA AGREEMENT FOR DEFENDANT
13                                     MARYLIN ALDERETE
                      v.
14
   MARYLIN ALDERETE,
15
                 Defendant.
16

17      1.   This constitutes the plea agreement between MARYLIN

18 ALDERETE ("defendant") and the United States Attorney's Office for

19 the Central District of California (the "USAO") in the above-

20 captioned case.  This agreement is limited to the USAO and cannot

21 bind any other federal, state, local, or foreign prosecuting,

22 enforcement, administrative, or regulatory authorities.

23                    DEFENDANT'S OBLIGATIONS

24      2.   Defendant agrees to:

25      a.   At the earliest opportunity requested by the USAO and

26 provided by the Court, appear and plead guilty to count one of the

27 indictment in *United States v. Alderete*, ED CR No. 21-00136-JWH,

28

which charges defendant with Wire Fraud, in violation of 18 U.S.C. § 1343.

  b. Not contest facts agreed to in this agreement.

  c. Abide by all agreements regarding sentencing contained in this agreement.

  d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

  e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

  f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

  g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

 3. Defendant also agrees to:

  a. At or before the time of sentencing, satisfy any and all restitution/fine obligations based on ability to pay by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $85,697.50, to be held until the date of sentencing and, thereafter, applied to satisfy defendant's restitution/fine balance.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, 11th Floor, Los Angeles, California 90012.

b.   Ability to pay shall be assessed based on the Financial Disclosure Statement, referenced below, and all other relevant information relating to ability to pay.

c.   Defendant agrees that any and all restitution/fine obligations ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

d.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

e.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

f.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

4.   Defendant further agrees:

a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty (collectively, the "Forfeitable Assets").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.    Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

1    i.    That forfeiture of Forfeitable Assets shall not be

2    counted toward satisfaction of any special assessment, fine,

3    restitution, costs, or other penalty the Court may impose.

4                          THE USAO'S OBLIGATIONS

5        5.    The USAO agrees to:

6             a.    Not contest facts agreed to in this agreement.

7             b.    Abide by all agreements regarding sentencing contained

8    in this agreement.

9             c.    At the time of sentencing, move to dismiss the

10   remaining counts of the indictment as against defendant.  Defendant

11   agrees, however, that at the time of sentencing the Court may

12   consider any dismissed charges in determining the applicable

13   Sentencing Guidelines range, the propriety and extent of any

14   departure from that range, and the sentence to be imposed.

15            d.    At the time of sentencing, provided that defendant

16   demonstrates an acceptance of responsibility for the offense up to

17   and including the time of sentencing, recommend a two-level reduction

18   in the applicable Sentencing Guidelines offense level, pursuant to

19   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

20   additional one-level reduction if available under that section.

21            e.    Recommend that defendant be sentenced to probation for

22   a period of 12 months if defendant's applicable Sentencing Guideline

23   range falls in either Zone A or Zone B of the Sentencing Table,

24   provided that the offense level used by the Court to determine

25   defendant's Sentencing Guideline range is 11 or less.  If defendant's

26   applicable Sentencing Guideline range falls in Zone B, the government

27   will also recommend that the sentence include a period of home

28   detention consistent with U.S.S.G. § 5B1.1(a)(2).  If defendant's

applicable Sentencing Guidelines range falls in Zone C or Zone D, the government will recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range.

## NATURE OF THE OFFENSE

6.    Defendant understands that for defendant to be guilty of the crime charged in count one of the indictment, that is, Wire Fraud, in violation of 18 U.S.C. § 1343, the following must be true: (1) defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts; (2) the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (3) defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and (4) defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

## PENALTIES AND RESTITUTION

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343, is: 20 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject

to various restrictions and requirements.  Defendant understands that
if defendant violates one or more of the conditions of any supervised
release imposed, defendant may be returned to prison for all or part
of the term of supervised release authorized by statute for the
offense that resulted in the term of supervised release, which could
result in defendant serving a total term of imprisonment greater than
the statutory maximum stated above.

9.  Defendant understands that defendant will be required to
pay full restitution to the victim(s) of the offense to which
defendant is pleading guilty.  Defendant agrees that, in return for
the USAO's compliance with its obligations under this agreement, the
Court may order restitution to persons other than the victim(s) of
the offense to which defendant is pleading guilty and in amounts
greater than those alleged in the count to which defendant is
pleading guilty.  In particular, defendant agrees that the Court may
order restitution to any victim of any of the following for any
losses suffered by that victim as a result: (a) any relevant conduct,
as defined in U.S.S.G. § 1B1.3, in connection with the offense to
which defendant is pleading guilty; and (b) any counts dismissed
pursuant to this agreement as well as all relevant conduct, as
defined in U.S.S.G. § 1B1.3, in connection with those counts.  The
parties currently believe that the applicable amount of restitution
is approximately $85,697.50, but recognize and agree that this amount
could change based on facts that come to the attention of the parties
prior to sentencing.

10.  Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.   Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.   Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to:   removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.   The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.   Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

12.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.   Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning no later than January 2010 and continuing through at least February 2019, defendant, a resident of Fontana, California, acted as the representative payee for her minor disabled son, D.O. During this time, defendant knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the United States Social Security Administration ("SSA") and the United States as to material matters, and to obtain money and property from the SSA and the United States by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

Specifically, defendant co-owned a residence located in Fontana, California (the "Fontana residence") in which defendant, D.O., and D.O.'s father lived.  In that same time period, however, defendant deliberately, and with the intent to deceive and cheat the SSA and the United States, concealed her ownership of the Fontana residence and D.O.'s father's residence there by falsely claiming to the SSA that she rented the Fontana residence from D.O.'s father and that D.O.'s father lived elsewhere.

On or about February 26, 2010, December 15, 2010, February 12, 2013, May 29, 2014, January 28, 2016, June 9, 2017, and March 7, 2018, defendant completed Redetermination Summaries for Determining Continuing Eligibility and submitted the completed reports to the SSA.  In each report, defendant deliberately, and with the intent to deceive and cheat the SSA and the United States, concealed her ownership of the Fontana residence and the fact that D.O.'s father was a member of D.O.'s household, and falsely reported that defendant

rented the Fontana residence from D.O.'s father and that D.O.'s father lived elsewhere.

On or about February 11, 2019, defendant completed a Statement for Determining Continuing Eligibility for Supplemental Security Income ("SSI") Payments and submitted the completed statement to the SSA. In the statement, defendant deliberately, and with the intent to deceive and cheat the SSA and the United States, concealed her ownership of the Fontana residence and the fact that D.O.'s father was a member of D.O.'s household, and falsely reported that defendant rented the Fontana residence from D.O.'s father, that she and D.O.'s father had been separated for over ten years, and that D.O.'s father lived elsewhere.

Defendant's false statements and concealments concerning her ownership of the Fontana residence and the residence of D.O.'s father were material -- that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property -- to the SSA's determination regarding D.O.'s continuing eligibility to receive SSI benefits.

As a result of defendant's false statements and concealments, the SSA deposited monthly SSI benefit payments intended for D.O. into a Comerica Bank Direct Express account held in Fontana, California, in the name of defendant (the "Comerica Account"). These deposits were made by means of interstate wires from the United States Treasury to the Comerica Account, and included, among others, a November 1, 2016 deposit of SSI benefits in the amount of $796.40, a November 1, 2017 deposit of SSI benefits in the amount of $800.15, and a November 1, 2018 deposit of SSI benefits in the amount of $815.15.

Defendant withdrew and caused to be withdrawn the SSI benefits from the Comerica Account through cash withdrawals.  Through her scheme, defendant fraudulently obtained a total of at least $85,697.50 of SSI benefits payments to which she knew she was not entitled.

SENTENCING FACTORS

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

14.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | [U.S.S.G. § 2B1.1(a)] |
| Loss Amount > $40,000 | +6 | [U.S.S.G. § 2B1.1(b)(1)(D)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

15.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.   Defendant understands that by pleading guilty, defendant gives up the following rights:

   a.   The right to persist in a plea of not guilty.

   b.   The right to a speedy and public trial by jury.

   c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.   Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e.   The right to confront and cross-examine witnesses against defendant.

   f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.   Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19.   Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction of no more than 14 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $85,697.50; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a sentence of no less than 12 months' probation, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following:  the amount of restitution ordered if that amount is less than $85,697.50.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was dismissed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

22.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

1

BREACH OF AGREEMENT

2    23.  Defendant agrees that if defendant, at any time after the

3    signature of this agreement and execution of all required

4    certifications by defendant, defendant's counsel, and an Assistant

5    United States Attorney, knowingly violates or fails to perform any of

6    defendant's obligations under this agreement ("a breach"), the USAO

7    may declare this agreement breached.  All of defendant's obligations

8    are material, a single breach of this agreement is sufficient for the

9    USAO to declare a breach, and defendant shall not be deemed to have

10   cured a breach without the express agreement of the USAO in writing.

11   If the USAO declares this agreement breached, and the Court finds

12   such a breach to have occurred, then: (a) if defendant has previously

13   entered a guilty plea pursuant to this agreement, defendant will not

14   be able to withdraw the guilty plea, and (b) the USAO will be

15   relieved of all its obligations under this agreement.

16   24.  Following the Court's finding of a knowing breach of this

17   agreement by defendant, should the USAO choose to pursue any charge

18   that was dismissed as a result of this agreement, then:

19        a.   Defendant agrees that any applicable statute of

20   limitations is tolled between the date of defendant's signing of this

21   agreement and the filing commencing any such action.

22        b.   Defendant waives and gives up all defenses based on

23   the statute of limitations, any claim of pre-indictment delay, or any

24   speedy trial claim with respect to any such action, except to the

25   extent that such defenses existed as of the date of defendant's

26   signing this agreement.

27        c.   Defendant agrees that: (i) any statements made by

28   defendant, under oath, at the guilty plea hearing (if such a hearing

15

occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

25.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services

Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

28.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

1        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        29.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TRACY L. WILKISON
    Acting United States Attorney
9

10  *Robert S. Trisotto*                              **7/12/2021**
    ROBERT S. TRISOTTO                                Date
11  Assistant United States Attorney

12                                                         7/9/21
    MARYLIN ALDERETE                                  Date
13  Defendant

14                                                         7/9/21
    BRIAN GURWITZ                                     Date
15  Attorney for Defendant MARYLIN
    ALDERETE
16

17              CERTIFICATION OF DEFENDANT

18      I have read this agreement in its entirety.  I have had enough

19  time to review and consider this agreement, and I have carefully and

20  thoroughly discussed every part of it with my attorney.  I understand

21  the terms of this agreement, and I voluntarily agree to those terms.

22  I have discussed the evidence with my attorney, and my attorney has

23  advised me of my rights, of possible pretrial motions that might be

24  filed, of possible defenses that might be asserted either prior to or

25  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

26  of relevant Sentencing Guidelines provisions, and of the consequences

27  of entering into this agreement.  No promises, inducements, or

28  representations of any kind have been made to me other than those

                              18

contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          _____
MARYLIN ALDERETE                   Date   7/9/21
Defendant

                 CERTIFICATION OF DEFENDANT'S ATTORNEY

     I am MARYLIN ALDERETE's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of her rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____          _____
BRIAN GURWITZ                      Date   7/9/21
Attorney for Defendant MARYLIN
ALDERETE

                                19